# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Brian T. Roberts, ) | C/A No. 6:14-cv-4904-HMH-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Report & Recommendation |
| ) | |
| EBay Inc., Auction Insurance Agency, ) | |
| Centennial Casualty Insurance, Visa Inc., ) | |
| Thomas Adams, Jr., PayPal Inc., ) | |
| Steven Tisland, Alabama Department of ) | |
| Insurance, Jeff Cregger, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant action on December 30, 2014 under diversity jurisdiction. (Dkt. No. 1.) On February 4, 2016, this court issued its Order allowing the Plaintiff to amend his Complaint. (Dkt. No. 40.) The Amended Complaint added Defendants Centennial Casualty Insurance, Visa Inc., Thomas Adams, Jr., PayPal Inc., Steven Tisland, Alabama Department of Insurance, and Jeff Cregger.[1] Now before the court are the following motions to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure:

1. Motion to Dismiss filed by Defendant Steven Tisland (Dkt. No. 63.)

2. Motion to Dismiss of Visa Inc. (Dkt. No. 80.)

3. Defendant PayPal Inc.'s Motion to Dismiss (Dkt. No. 100.)

4. Motion to Dismiss on Behalf of the Alabama Department of Insurance (Dkt. No. 123.)

---

[1] Defendant Jeff Cregger was dismissed with prejudice from this case pursuant to the district court's Order filed on March 7, 2016. (Dkt. No. 58.)

1

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## Alleged Facts[2]

The Plaintiff's allegations revolve around the sales of a boat and a van he sold in August of 2014 on eBay.com. The Plaintiff used eBay as a sales channel for various items and as his primary source of income.

### The Boat

The Plaintiff advertised and sold a 2008 Howard Deck Boat in "as is, where is" condition to Jeff Cregger for $59,995.00 on August 20, 2014. Following the sale of the boat, Mr. Cregger filed a claim through eBay's "Buyer Protection Program" ("BPP") because he was not satisfied with the boat. Defendant Auction Insurance Agency ("AIA") intervened on eBay's behalf. On or about November 13, 2014, the Plaintiff's eBay account was indefinitely suspended. At the time of the suspension, the Plaintiff had over 350 positive reviews on eBay. On or about December 9, 2014, AIA paid Mr. Cregger $20,000 to settle his claim. The Plaintiff told AIA that he did not want the settlement paid to Cregger because the boat was sold in "as is, where is" condition. Funds used to indemnify Mr. Cregger "were drawn on an account in the name of Defendant Centennial Casualty Company" ("CCC"). (Dkt. No. 42 at 5.)

Defendant Thomas Adams, Jr. is the president of CCC and AIA. The Plaintiff alleges that he "conspired" with eBay to use AIA and CCC to defraud users of eBay out of millions of dollars by illegally insuring transactions and caused "irreparable harm" to the Plaintiff. (Dkt. No. 42 at 5.)

---

[2] The Alleged Facts are taken from pages 2 through 8 the Amended Complaint. (Dkt. No. 42 at 2-8.)

CCC is an insurance company licensed in the state of Alabama. CCC paid the funds for Mr. Cregger's BPP claim on behalf of AIA. The Plaintiff alleges that EBay's website disclaims that the BPP is not an insurance policy, but, despite this disclaimer, the BPP mirrors an insurance policy. The Plaintiff alleges that eBay pays a fee to AIA for every transaction on eBay. The fee is a premium payment. Defendants AIA, CCC, and eBay are not licensed to insure transactions in all fifty (50) states.

The Plaintiff has "exposed the acts" of AIA, CCC, and eBay to the Alabama Department of Insurance ("the Department"). (Dkt. No. 42 at 6.) The Department has not stopped these acts and has not rectified the past negligent acts. The Department's failure to act for an extended time period has caused irreparable harm to the Plaintiff.

## **The Van**

The Plaintiff advertised and sold a Mazda MPV van in "as is, where is" condition to Defendant Tisland for $2,500.00 on August 22, 2014. The purchaser of the van left the Plaintiff positive feedback on eBay. On or about September 16, 2014, the purchaser of the van sent the Plaintiff an email stating that the van required repairs and that he expected the Plaintiff to pay for them. The Plaintiff replied that the van was sold "as is, where is" and that there was no warranty. Several weeks later, Defendant Tisland filed a "chargeback" to recoup the funds for the van. On or about September 23, 2014, PayPal recovered approximately $2500.00 from the Plaintiff's PayPal account. The Plaintiff informed PayPal that the van had been sold in "as is, where is" condition and that Defendant Tisland had retained possession and title of the van. The Plaintiff told PayPal he had incurred financial loss due to PayPal's negligent and irresponsible actions. The Plaintiff does not possess the van or title to the van. The Plaintiff has tried to recover the funds on multiple occasions without success. The Plaintiff was told by PayPal that

3

the chargeback was initiated by Defendant Visa and that Visa had recovered the funds from PayPal.

On or around August 13, 2014, the Plaintiff contacted eBay in reference to receiving a refund of fees that the Plaintiff had been charged for sales that were not completed. EBay agreed to refund the Plaintiff $1200.00 in fees. On September 22, 2014, the Plaintiff called eBay concerning his refund. He was told by the eBay representative that eBay had made a mistake and was not issuing a refund. On or about September 23, 2014, eBay contacted the Plaintiff and offered the Plaintiff $300.00 in lieu of the $1,200.00. The Plaintiff rejected eBay's offer and did not receive any funds.

## **Motion to Dismiss filed by Defendant Steven Tisland (Dkt. No. 63.)**

This court recommends that Defendant Tisland's Motion to Dismiss (Dkt. No. 63) be denied. Defendant Tisland argues that the claims against him should be dismissed for three reasons. Defendant Tisland argues under Rule 12(b)(1) of the Federal Rules of Civil Procedure that this court lacks jurisdiction over the claims because the amount in controversy does not meet the $75,000 threshold as required by 28 U.S.C § 1332. (Dkt. No. 63.) Defendant Tisland argues under Rule 12(b)(6) of the Federal Rules of Civil Procedure that the Plaintiff has failed to plead a claim upon which relief may be granted because the Plaintiff has failed to plead the existence of a valid contract. (Dkt. No. 63.) Lastly, Defendant Tisland argues that the Plaintiff did not serve him in accordance with Rule 4(m) of the Federal Rules of Civil Procedure, and therefore he is entitled to dismissal under Rule 41(b).

28. U.S.C. § 1332 imparts the district court with original jurisdiction of all civil actions where the account in controversy exceeds $75,000 and complete diversity exists between the parties. Defendant Tisland does not dispute the diversity between the parties, and the Amended

Complaint reflects such diversity. (Dkt. No. 42.) Defendant Tisland argues that the Plaintiff's claims against him all relate to sale of the Mazda MPV van through eBay for $2,500. (Dkt. No. 63.) Defendant Tisland argues that the alleged breach of contract by Defendant Tisland could only result in damages of $2,500. (*Id.*)

Generally, the amount claimed by the Plaintiff in the complaint determines whether the $75,000 threshold is met. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* (internal quotations omitted). When the Plaintiff claims an amount above $75,000, a defendant seeking to dismiss by arguing the amount in controversy is too low "must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Id.* (quoting *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir.1981)).

"[P]*ro se* complaints…are held to a less stringent standard than those drafted by attorneys,…and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Stout v. Robnett*, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted). In the Amended Complaint, the Plaintiff claims $100,000 in damages against Defendant Tisland along with punitive damages. (Dkt. No. 45 at 10.) Broadly reading the complaint, the Plaintiff brings claims against Defendant Tisland for breach of contract

accompanied by a fraudulent act[3] and for unjust enrichment.[4] The Plaintiff alleges he sold the van to Defendant Tisland. (Dkt. No. 42.) Defendant Tisland paid for the van and received possession of the van and title to the van. (*Id.*)   The Plaintiff alleges that Defendant Tisland then recouped the money he paid the Plaintiff through a "PayPal chargeback." (*Id.*)   Under South Carolina law, a plaintiff in an action for breach of contract accompanied by a fraudulent act may recover punitive damages. *See Floyd v. Country Squire Mobile Homes, Inc.*, 287 S.C. 51, 53, 336 S.E.2d 502, 503 (Ct. App. 1985) (citing *Welborn v. Dixon,* 70 S.C. 108, 49 S.E. 232 (1904)).

Defendant Tisland has not met his burden to show the legal impossibility of the Plaintiff recovering $75,000 against him. Defendant Tisland's motion devotes only one (1) paragraph to his argument that the $75,000 threshold cannot be met.  The Defendant does not address punitive damages at all.  The Plaintiff alleges that Defendant Tisland's chargeback led, in part, to Defendant eBay's revocation of his ability to sell on eBay. While it is not immediately clear if such damages could be imputable to Defendant Tisland, he has not addressed such damages at all.

Additionally, Defendant Tisland does not address this court's supplemental jurisdiction in his Motion to Dismiss. (Dkt. No. 63.)  28 U.S.C. § 1367 states in part that:

---

[3] Under South Carolina law, breach of contract accompanied by a fraudulent act requires proof of the following three elements: (1) a breach of contract, (2) fraudulent intent relating to the breaching of the contract and not merely to its making, and (3) a fraudulent act accompanying the breach. *Zinn v. CFI Sales & Mktg., Ltd*, 415 S.C. 93, 110, 780 S.E.2d 611, 620 (Ct. App. 2015) (citing *Floyd v. Country Squire Mobile Homes, Inc.*, 287 S.C. 51, 53–54, 336 S.E.2d 502, 503–04 (Ct. App. 1985).

[4] "The elements to recover for unjust enrichment based on quantum meruit, quasi-contract, or implied by law contract, which are equivalent terms for equitable relief, are: (1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for him to retain it without paying its value." *Regions Bank v. Wingard Properties, Inc.*, 394 S.C. 241, 257, 715 S.E.2d 348, 356 (Ct. App. 2011) (internal quotations and citations omitted).

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). The Fourth Circuit has held that district courts may exercise supplemental jurisdiction under Section 1367 over "state law claims between diverse parties that do not… satisfy the jurisdictional amount requirements appended to diversity actions." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). Supplemental jurisdiction can extend to a diverse defendant who only has state law claims brought against him with no independent basis for original jurisdiction. *See Clark v. Milam,* 813 F. Supp. 431, 434 (S.D.W. Va. 1993) ("Supplemental jurisdiction over claims *and parties* is appropriate where the federal and state claims 'derive from a common nucleus of operative fact.'"); *see also Bennett v. Fastenal Co.*, No. 7:15-CV-00543, 2016 WL 1629408, at *4 (W.D. Va. Apr. 22, 2016) (holding that the district court had jurisdiction under § 1367(a) over state claims against an individual defendant in a case brought under Title VII against a corporation). A federal court may exercise supplemental jurisdiction when "[t]he state and federal claims…derive from a common nucleus of operative fact." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir. 1998) (quoting a *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Defendant Tisland has not met his heavy burden of overcoming the Plaintiff's claim in his Amended Complaint that he is entitled to damages of at least $75,000. Additionally, Defendant Tisland has not addressed supplemental jurisdiction under section 1367(a) at all. This

court recommends that Defendant Tisland's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure be denied.

Defendant Tisland next argues that he is entitled to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff has not pled the existence of a valid contract. On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) … [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, … unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

Defendant Tisland devoted one (1) sentence in his motion to develop his argument. (Dkt. No. 63.) As noted *supra*, this court must "liberally constru[e] a complaint…to allow the development of a potentially meritorious case." *Stout,* 107 F. Supp. 2d at 702. "The required

8

elements of a contract are an offer, acceptance, and valuable consideration." *Armstrong v. Collins*, 366 S.C. 204, 222, 621 S.E.2d 368, 377 (Ct. App. 2005) While the Plaintiff did not explicitly use the word "contract" it is evident from his alleged facts that he alleges a contract existed. The Plaintiff alleges that he sold the van to Defendant Tisland for $2500. (Dkt. No. 42 at 7.) He alleges that Defendant Tisland received the van and paid the $2500. (*Id.*) The Plaintiff alleges that the van was sold under the terms "as is, where is." (*Id.*) The Plaintiff alleges that Defendant Tisland then breached their agreement by utilizing a "PayPal chargeback" to recoup the $2500 he paid for the van and kept the van. This court finds that the Plaintiff alleged sufficient facts to establish that a contract may have existed between himself and Defendant Tisland. This court recommends that Defendant Tisland's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied.

Defendant Tisland's final argument is that he was not served within the time allowed by Rule 4(m) of the Rules of Federal Procedure. (Dkt. No. 63.) Rule 4(m) states in part "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Defendant Tisland was added as a defendant in this lawsuit by the Amended Complaint that was filed pursuant to court order on February 4, 2016. (Dkt. No. 42.) A summons was issued for Defendant Tisland pursuant to this court's order on February 17, 2016. (Dkt. No. 51.) Defendant Tisland was served by the United States Marshal on February 26, 2016. (Dkt. No. 57.) Defendant Tisland was served within the 90 days allowed by Rule 4(m). This court recommends that Defendant Tisland's motion to dismiss under Rule 4(m) of the Federal Rules of Civil Procedure be denied.

**Motion to Dismiss of Visa Inc. (Dkt. No. 80.)**

This court recommends that Defendant Visa's Motion to Dismiss (Dkt. No. 80) be granted. Defendant Visa argues that the claims against it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff has failed to allege any actionable claims. The Plaintiff alleges that Defendant Tisland used a Visa card to purchase the Mazda van and then initiated a "chargeback" through Defendant Visa to recoup funds from the Plaintiff's account. (Dkt. No. 107.) The Plaintiff argues that Defendant Tisland's use of a "chargeback" makes Defendant Visa "at least partly liable." (*Id.* at 3.)

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" *Pringle v. City of Charleston Police Dep't*, No. C/A 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (internal quotation omitted)).

The only substantive mention of Defendant Visa is found in paragraph 35 of the Amended Complaint, which states the following:

> As of the date of the filing of this suit, Plaintiff still does not have possession of the van, nor the title to the van and has suffered great financial as well as emotional damage due to Defendant EBays [sic] Actions. Plaintiff attempted on multiple occasions to recover funds from PayPal without success. Plaintiff was told by a representative of PayPal that this was a "chargeback" initiated by Defendant Visa Inc., and that Visa Inc. recovered the funds from Defendant

>PayPal Inc, which initiated PayPal to recover funds from Plaintiff. Plaintiff has suffered irreparable harm due to the actions of Visa Inc.

(Dkt. No. 42.) The Plaintiff's allegations do not contain any substantive claim against Defendant Visa. The Plaintiff has not alleged any privity of contract between himself and Visa. The Plaintiff has not alleged that Visa owed him any duty or breached any duty. Visa's only alleged involvement was with Defendant Tisland and PayPal. There is no allegation that Visa had any contact with the Plaintiff. The Plaintiff's general assertions of liability on the part of Visa do not meet the pleading requirements of Rule 8 and *Iqbal*.

The Plaintiff argues in the response to the motion to dismiss "that the liability and cause of action against Visa Inc is due to" to an "agent" of Defendant Visa issuing Defendant Tisland a visa card and the use of that card to purchase the Mazda van. (Dkt. No. 107 at 3.) The Plaintiff argues that the "chargeback" which led Defendant PayPal to withdraw funds from his PayPal account was initiated by Defendant Tisland through Visa. (*Id.*) The Plaintiff is essentially arguing that Visa is liable because Defendant Tisland used a Visa card. This argument does not articulate a cause of action. The undersigned recommends that Defendant Visa's Motion to Dismiss be granted because the Plaintiff has failed to allege a claim. (Dkt. No. 80)

## **Defendant PayPal Inc.'s Motion to Dismiss (Dkt. No. 100.)**

This court recommends that Defendant PayPal Inc.'s Motion to Dismiss (Dkt. No. 100) be granted. Defendant PayPal argues that the claims against it should be dismissed for two reasons. Defendant PayPal argues under Rule 12(b)(1) of the Federal Rules of Civil Procedure that the Plaintiff lacks standing to sue PayPal because he is not the account holder with respect to the relevant transactions. (Dkt. No. 100.) Additionally, Defendant PayPal argues under Rule 12(b)(6) of the Federal Rules of Civil Procedure that the Plaintiff has failed to plead a claim upon which relief may be granted. (Dkt. No. 100.)

11

To have standing under Article III of the Constitution, a plaintiff must demonstrate the following three elements:

(1) it has suffered an injury in fact;
(2) the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant; and
(3) it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor.

*Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 480 (4th Cir. 2003) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180–81 (2000). "[T]he injury-in-fact element requires that the plaintiff suffer an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002) (internal quotation marks omitted).

A defendant may challenge subject matter jurisdiction by contending the complaint on its face fails to contain sufficient facts to establish jurisdiction or by contending that the facts alleged in the complaint to establish jurisdiction are not true. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant challenges the facts alleged to establish jurisdiction, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d at 192. The burden of proof to establish jurisdiction is on the plaintiff. *Adams*, 697 F.2d at 1219.

In the case at bar, Defendant PayPal has submitted evidence by affidavit that the Plaintiff is not the account holder for the PayPal account used to process the payments alleged in the Amended Complaint. (Dkt. No. 100.) PayPal has submitted the sworn affidavit of Jill Potter, a

Legal Specialist in the Executive Escalations Department at PayPal, Inc. (Dkt. No. 100-1 ¶ 1.) Ms. Potter states in her affidavit that she conducted a search of PayPal's records and was unable to find any account belonging to the Plaintiff. (*Id.* at ¶ 8.) Ms. Potter was able to locate the transaction alleged in the Amended Complaint, but determined that the holder of the account was not the Plaintiff. (*Id.*)

In his response to Defendant PayPal's Motion, the Plaintiff stated that the PayPal account he used "may not have been opened" in his name and that "it is likely that the actual name on the account was the name of Plaintiff's previous wife as she was most likely the natural born person who opened the account." (Dkt. No. 115 at ¶ 1.) The Plaintiff alleges that he "utilized the account as if it were his," that PayPal communicated with him concerning the account, and that the account was linked to his eBay account. (*Id.* at ¶ 2.) The Plaintiff stated that he has a stake in the litigation because he used the account to provide for himself and his family.

The Plaintiff does not have standing under Article III of the Constitution. The Plaintiff must have a "legally protected interest" in order to show he suffered an injury in fact. Having reviewed the evidence in the record, this court finds that the PayPal account does not belong to the Plaintiff. Therefore, he does not have a legally protected interest in the account. *See Jhong v. Am. Exp.,* No. 2:13-CV-02179 DMC, 2013 WL 5773067, at *2 (D.N.J. Oct. 23, 2013) (holding that a husband did not have standing to being suit against American Express where the credit card was issued in the name of his wife); *see also WV Dep't of Health & Human Res. Employees Fed. Credit Union v. Tennant*, 215 W. Va. 387, 396, 599 S.E.2d 810, 819 (2004) (holding that husband did not have standing to intervene in a case where his wife was an account holder of a credit card with a credit union and the husband's interest would be affected by money being taken out of household). To allow the Plaintiff to go forward against PayPal when he does

not have a legal interest in the account would prejudice the account's rightful owner as well.[5] This court recommends that Defendant PayPal Inc.'s Motion to Dismiss be granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Assuming *arguendo* that the Plaintiff has standing in this case and was the accountholder, he has still failed to state a claim upon which relief may be granted against Defendant PayPal, and this court recommends dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Taking all of the facts alleged in the Amended Complaint as true, the Plaintiff has failed to state a claim against PayPal upon which relief may be granted.  The Plaintiff's allegations do not support a claim of negligence.  He does not allege any duty owed to him by PayPal or breach of a duty.

As to any breach of contract claims, such claims would be based on the PayPal User Agreement.[6] Jurisdictions across the country have found that a user enters a contract when affirmatively clicking an "Agree" button accepting a terms of use on the internet. *CoStar Realty*

---

[5] Although not raised by the parties, the Plaintiff does not have prudential standing. Assuming *arguendo* that the Plaintiff had Article III standing, this court must "hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation."*Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (citation omitted).  "To overcome the prudential limitation on third-party standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and the person whose right she seeks to assert; and (3) a hindrance to the third party's ability to protect his or her own interests." *Id.*  In the case at bar, there is no evidence as to the relationship between the Plaintiff and his ex-wife.  Additionally, there is no evidence of any hindrance that would not allow his ex-wife to protect her own interests. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("[T]hird parties themselves usually will be the best proponents of their own rights.")

[6] Whether the Plaintiff was the account holder or not, he was bound by the PayPal user agreement. *CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 505–06 (D. Md. 2010) (quoting *Motise v. Am. Online, Inc.*, 346 F. Supp. 2d 563 (S.D.N.Y. 2004)) ("[P]ursuant to a derivative rights theory 'a third party user of a contracting party's online account is bound by the same user agreement as the contracting party even though the third party user was not presented with and did not assent to the online user agreement.'")

14

*Info., Inc. v. Field*, 612 F.Supp.2d 660, 669–70 (D.Md. 2009) (quoting *Burcham v. Expedia, Inc.*, No. 4:07-cv-1963, 2009 WL 586513, at *2 (E.D.Mo. March 6, 2009) (citing *A.V. v. iParadigms, L.L.C.*, 544 F.Supp.2d 473, 480 (E.D.Va. 2008))); *DeJohn v. The TV Corp. Int'l*, 245 F.Supp.2d 913, 921 (N.D.Ill. 2003). Under South Carolina law, "[t]he elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach. *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009) (citing *Fuller v. E. Fire & Cas. Ins. Co.,* 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962)). The "interpretation of a written contract is a question of law." *Scarborough v. Ridgeway*, 726 F.2d 132, 135 (4th Cir. 1984) (citations omitted).

The Plaintiff's allegations against Defendant PayPal all relate to the transaction involving the van. (Dkt. No. 42 at 7-8.) The Plaintiff alleges PayPal "recovered funds of approximately $2500" from his account. (*Id.* at 7.) The Plaintiff made PayPal aware that he did disputed the basis for the chargeback. (*Id.*) The Plaintiff alleges that he was told by PayPal that PayPal recovered the funds because of the chargeback, which was initiated by Visa. (*Id.* at 8.)

PayPal's user agreement states that a "chargeback" occurs where "a buyer files [a request] directly with his or her debit or credit card company or debit or credit card issuing bank to invalidate a payment." (Dkt. No. 100-2 at 34.) Paragraph 4.4 of the user agreement states the following:

> When you receive a payment, you are liable to PayPal for the full amount of the payment plus any Fees if the payment is later invalidated for any reason. This means that, in addition to any other liability, you will be responsible for the amount of the payment, plus the applicable Fees listed in Section 8 (Fees) of this Agreement if you lose a Claim or a Chargeback, or if there is a Reversal of the payment. You agree to allow PayPal to recover any amounts due to PayPal by debiting your Balance. If there are insufficient funds in your Balance to cover your liability, you agree to reimburse PayPal through other means. If a sender of a payment files a Chargeback, the credit card issuer, not PayPal, will determine who wins the Chargeback.

15

(Dkt. No. 100-2 at 9.) Paragraph 10.1 of the PayPal user agreements states in part that the user is "responsible for all…Chargebacks…and other liability incurred by PayPal, a User, or a third party caused by or arising out of your breach of this Agreement, and/or your use of the PayPal Services [and you]…agree to reimburse PayPal…for any and all such liability." (*Id.* at 21.) Paragraph 10.5(b) of the user agreement states that a temporary hold may be placed on funds in an account when someone has filed a chargeback. (*Id.* at 22.)  In the event the user loses the chargeback, "PayPal will remove the funds from your Account." (*Id.*)

In viewing the allegations in the Amended Complaint as true, Defendant PayPal did not breach the contract with the Plaintiff.  The Plaintiff's allegations are that Visa instigated a chargeback against PayPal, who in turn removed the money from his account. (Dkt. No. 42 at 7-8.) The Amended Complaint does not contain any facts to articulate a breach of contract claim. To the contrary, the allegations show that PayPal acted in accordance with the user agreement. The Plaintiff alleges the chargeback was initiated by Defendant Tisland through Visa.  PayPal recovered the money for the Plaintiff's account after Visa had recouped the money from PayPal. The user agreement is unambiguous that the Plaintiff was liable for the chargeback. The Plaintiff has failed to state a breach of contract claim against Defendant PayPal.  *See Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1220 (N.D. Cal. 2011) (holding that failure to address the effects of the relevant provisions of PayPal's User Agreement failed to state a claim for breach of contract.)  The undersigned recommends that Defendant PayPal Inc.'s Motion to Dismiss (Dkt. No. 100) be granted.

**Motion to Dismiss on Behalf of the Alabama Department of Insurance (Dkt. No. 123.)**

This court recommends that the Motion to Dismiss on Behalf of the Alabama Department of Insurance (Dkt. No. 123) be granted.  The Department argues that the claims against it should

be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned does not reach the Department's arguments under Rule 12(b)(6) because this court does not have subject matter jurisdiction. The Department is an agency of the state of Alabama and has immunity from suit under the Eleventh Amendment of the Constitution. Additionally, the Department argues Section 14 of the Alabama Constitution of 1901 forbids the state of Alabama from being a defendant in any court.  The Plaintiff's allegations against the Department all relate to its regulation of insurance in the state of Alabama.  (Dkt. No. 42.)

> The Eleventh Amendment states:
>
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  "[T]he Supreme Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Booth v. State of Md.*, 112 F.3d 139, 141 (4th Cir. 1997) (internal quotations omitted).  Absent consent by the state, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).  "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* "This bar also applies regardless of whether the claim is based on state law or federal law." *Flood v. State of Ala. Dep't of Indus. Relations*, 948 F. Supp. 1535, 1542 (M.D. Ala. 1996), *aff'd sub nom. Flood v. Alabama Dep't of Indus. Relations*, 136 F.3d 1332 (11th Cir. 1998) (citing *Halderman*, 465 U.S. at 104-06).

The Plaintiff's Response to the Department's Motion does not address the Department's Motion to Dismiss under Rule 12(b)(1) or mention jurisdiction at all. (Dkt. No. 130.)  The Response is a single filing that responds to the Department's Motion to Dismiss along with the

motions for summary judgment filed by Defendants EBay, Adams, AIA, and CIC. (*Id.*)  The Motion makes only a passing reference to the Department and simply reiterates the Plaintiff's allegations that the Department took "no action to cease and desist" the actions of other Defendants. (Dkt. No. 130 at 1-2.)  The Plaintiff has failed to cite any authority giving this court subject matter jurisdiction over the Department.  The undersigned can find no authority.  The undersigned recommends that the Motion to Dismiss on Behalf of the Alabama Department of Insurance (Dkt. No. 123.) be granted.

## Conclusion

Based on the foregoing, this court recommends that Defendant Tisland's Motion to Dismiss (Dkt. No. 63) be **DENIED**, that Defendant Visa's Motion to Dismiss (Dkt. No. 80) be **GRANTED**, that Defendant PayPal Inc.'s Motion to Dismiss (Dkt. No. 100) be **GRANTED**, and that the Motion to Dismiss on Behalf of the Alabama Department of Insurance (Dkt. No. 123) be **GRANTED**.

IT IS SO RECOMMENDED.

December 28, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).