IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brian T. Roberts, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:14-4904-HMH-MGB |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ebay Inc., Auction Insurance Agency, | ) | |
| Centennial Casualty Insurance, Visa Inc., | ) | |
| Thomas Adams, Jr., Paypal Inc., Steven | ) | |
| Tisland, Alabama Department of Insurance, | ) | |
| Jeff Cregger, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Brian T. Roberts ("Roberts"), proceeding pro se, alleges numerous state law causes of action. Defendants Steven Tisland ("Tisland"), Visa Inc. ("Visa"), PayPal Inc. ("PayPal"), and the Alabama Department of Insurance (the "Department") individually filed motions to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. In her Report and Recommendation, Magistrate Judge Baker recommends denying Tisland's motion to dismiss and granting Visa's, PayPal's, and the Department's motions.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of transactions Roberts conducted on eBay's website, which allows private sellers to list items for auction or fixed-price sale. On or around August 13, 2014, Roberts contacted eBay to request it refund fees that he had been charged for sales that were not completed. (Am. Compl. ¶ 36, ECF No. 42.) Roberts avers that eBay agreed to refund $1,200.00. (Id. at ¶ 37, ECF No. 42.) On September 22, 2014, Roberts telephoned eBay concerning his refund. (Id at ¶ 38, ECF No. 42.) Roberts avers that an eBay representative told him that eBay had made a mistake and would not issue a refund. (Id., ECF No. 42.) The next day, eBay contacted Roberts and offered him $300.00, rather than $1,200.00. (Id. at 40, ECF No. 42.) Roberts rejected eBay's offer and submits that he has not received any refund. (Am. Compl. ¶ 41, ECF No. 42.)

On August 20, 2014, Roberts sold a 2008 Howard Deck Boat to Jeff Cregger ("Cregger") for $59,995.00. (Id. at ¶ 18, ECF No. 42.) Roberts described the boat as being in "as is, where is" condition. (Id., ECF No. 42.) At some point thereafter, Cregger filed a claim through eBay's "Buyer Protection Program" because he alleged the boat was defective. (Id., ECF No. 42.) Defendant Auction Insurance Agency ("AIA") handled the claim on eBay's behalf. (Id. at ¶ 19, ECF No. 42.) On or about November 13, 2014, Roberts' eBay account was indefinitely suspended. (Am. Compl. ¶ 20, ECF No. 42.) AIA ultimately settled Cregger's claim by paying Cregger $20,000 on or about December 9, 2014. (Id. at ¶ 23, ECF No. 42.) Roberts requested that AIA deny Cregger's claim. (Id., ECF No. 42.) The payment for Cregger's claim settlement was "drawn on an account in the name of the Defendant Centennial Casualty Company" ("CCC"). (Id., ECF No. 42.)

2

CCC is an insurance company licensed in the state of Alabama. (Id. at ¶ 6, ECF No. 42.) Defendant Thomas Adams, Jr. ("Adams") is the president of CCC and AIA. (Am. Compl. ¶ 8, ECF No. 42.) Roberts alleges that Adams conspired with eBay to use AIA and CCC to defraud eBay users by illegally offering insurance to eBay users, which Roberts alleges has caused him irreparable harm. (Id. at ¶ 25, ECF No. 42.) Roberts argues that the Department negligently failed to prevent or timely stop AIA, CCC, and eBay's actions, which has also caused him irreparable harm. (Id. at ¶ 29, ECF No. 42.)

On August 22, 2014, Roberts sold a Mazda MPV van, listed as being in "as is, where is" condition to Tisland for $2,500. (Id. at ¶ 30, ECF No. 42.) Tisland sent Roberts an email on September 16, 2014, requesting Roberts pay for repairs that Tisland alleged the van required. (Id. at ¶ 32, ECF No. 42.) Roberts refused, stating that the car had no warranty. (Am. Compl. ¶ 32, ECF No. 42.) Several weeks later, Tisland initiated a chargeback through Visa to recoup the funds for the van. (Id. at ¶ 33, ECF No. 42.) On or about September 23, 2014, PayPal deducted approximately $2,500 from Robert's PayPal account. Roberts disputed the chargeback with PayPal, but his request was denied. (Id., ECF No. 42.)

Roberts filed the instant suit on December 30, 2014. (Compl., ECF No. 1.) On March 15, 2016, Tisland moved to dismiss for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process. (Tisland Mot. Dismiss, ECF No. 63.) Roberts responded to Tisland's motion on April 20, 2016. (Resp. Opp'n Tisland Mot. Dismiss, ECF No. 83.) On May 2, 2016, Tisland replied. (Tisland Reply, ECF No. 93.)

3

On April 11, 2016, Visa moved to dismiss for failure to state a claim. (Visa Mot. Dismiss, ECF No. 80.)  Roberts responded on May 16, 2016.  (Resp. Opp'n Visa Mot. Dismiss, ECF No. 107.)  On May 26, 2016, Visa replied.  (Visa Reply, ECF No. 108.)

On May 11, 2016, PayPal moved to dismiss for failure to state a claim.  (PayPal Mot. Dismiss, ECF No. 100.)  Roberts responded on June 27, 2016.  (Resp. Opp'n PayPal Mot. Dismiss, ECF No. 115.)  On July 7, 2016, PayPal replied.  (PayPal Reply, ECF No. 116.)

On August 24, 2016, the Department moved to dismiss for lack of personal jurisdiction and failure to state a claim, judgment on the pleadings, and summary judgment.  (Department Mot. Dismiss, ECF No. 123.)  Roberts responded on November 10, 2016.  (Resp. Opp'n Department Mot. Dismiss, ECF No. 130.)  On November 21, 2016, the Department replied. (Department Reply, ECF No. 131.)

Magistrate Judge Baker issued her Report and Recommendation on December 29, 2016, recommending that the court: (1) deny Tisland's motion to dismiss because Tisland failed to demonstrate the impossibility of Roberts' claims reaching $75,000, address whether supplemental jurisdiction is appropriate, show Roberts' claim for breach of contract was not plausible on its face, and show that he was not timely served; (2) grant Visa's motion to dismiss because Roberts failed to allege actionable claims; (3) grant PayPal's motion to dismiss because Roberts lacks standing to sue PayPal and because he failed to plead a claim upon which relief may be granted; and (4) grant the Department's motion to dismiss because the court does not have subject matter jurisdiction over Roberts' claims against the Department.  (R&R, generally, ECF No. 135.)  Tisland filed objections on January 12, 2017.  (Objs., ECF No. 140).  On

January 13, 2017, Roberts replied and agreed with the magistrate's recommendations. (Pl. Reply, ECF No. 141.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Roberts, Visa, PayPal, and the Department filed no objections to the Report and Recommendation. Therefore, after a thorough review, the court adopts the magistrate judge's recommendation to dismiss Robert's claims against Visa, PayPal, and the Department. However, Tisland filed objections to the magistrate judge's Report and Recommendation. Tisland objects that the magistrate judge erred by finding that: (1) the complaint fairly alleges a claim of breach of contract accompanied by a fraudulent act, (2) Tisland failed to demonstrate the impossibility of Roberts recovering more than $75,000, and (3) exercising supplemental jurisdiction would be appropriate. Tisland argues that the only claim that Roberts has alleged is a breach of contract action with damages of no more than $2,500. (Objs. 2, ECF No. 140.) As a

result, Tisland argues that the magistrate judge erred in recommending that his motion to dismiss for lack of subject matter jurisdiction be denied. (Id., ECF No. 140.) Further, Tisland argues that supplemental jurisdiction is inappropriate because supplemental jurisdiction does not apply to cases where a plaintiff makes claims against defendants who are severally, rather than jointly liable. (Id. at 6-7, ECF No. 42.)

### B. Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Challenges to jurisdiction under Rule 12(b)(1) can be raised in two different ways: facial attacks and factual attacks. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A facial attack questions the sufficiency of the complaint. Thigpen v. United States, 800 F.2d 393, 401 n.15 (4th Cir. 1986), disagreed with on other grounds, Sheridan v. United States, 487 U.S. 392 (1988). In this context, the court must accept the allegations in the complaint "as true, and materials outside the pleadings are not considered." Id. Alternatively, a factual attack challenges the factual allegations in the complaint upon which subject matter jurisdiction is based. Id. In this situation, the court is required to consider evidence outside the pleadings, without converting the motion to a motion for summary judgment. Id.; Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768. Thus, a dismissal should only be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

6

### C. Rule 12(b)(6) Standard

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action if the opposing party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### D. Sufficiency of the Complaint

In the Report and Recommendation, the magistrate judge found that, liberally construed, Roberts had alleged sufficient facts to make plausible claims of breach of contract accompanied by a fraudulent act and unjust enrichment. (R&R 5-6, ECF No. 135.) Additionally, the magistrate judge found that, even if the complaint is read narrowly, it would be appropriate for the court to exercise supplemental jurisdiction because all of Roberts' claims arise from a common nucleus of operative facts. (Id. at 7-8, ECF No. 135.)

"[P]ro se complaints . . . are held to a less stringent standard than those drafted by attorneys, . . . and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case."

Stout v. Robnett, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted). However, the court cannot ignore even a pro se litigant's failure to allege facts which support a plausible claim for relief. See Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

Under South Carolina law, "the elements of breach of contract are the existence of the contract, its breach, and the damages caused by such breach." S. Glass & Plastics Co. v. Kemper, 732 S.E.2d 205, 209 (S.C. Ct. App. 2012). Breach of contract accompanied by a fraudulent act has three elements: "(1) a breach of contract; (2) [f]raudulent intent relating to the breaching of the contract and not merely to its making; and (3) [a] fraudulent act accompanying the breach." Zinn v. CFI Sales & Mktg., Ltd., 780 S.E.2d 611, 620 (S.C. Ct. App. 2015) (internal quotation marks omitted). Similarly, unjust enrichment also has three elements: "(1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for him to retain it without paying its value." Regions Bank v. Wingard Props., Inc., 715 S.E.2d 348, 356 (S.C. Ct. App. 2011). Additionally, when fraud is alleged, a plaintiff "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 n.5 (4th Cir. 1999).

In the complaint, Roberts alleges no specific causes of action, but alleges the following facts in regard to Tisland:

> 30. On or about August 22, 2014[,] Plaintiff sold a 2003 Mazda MPV Van on ebay in "As [I]s. Where Is" condition for $2,500.
>
> 31. Subsequently, the purchaser of the Mazda MPV Van left positive feedback for the transaction and appeared to be satisfied with the van.
>
> 32. On or about September 16, 2014[,] the purchaser of the 2003 Mazda MPV Van sent Plaintiff an email stating that he expected Plaintiff to pay for repairs necessary on the Mazda MPV Van. Plaintiff explained that [the] Van was purchase[d] "As Is, Where Is" and was a 12 year old $2500 van with no warranty expressed or implied as it was stated plainly in the description of said van.
>
> 33. Buyer of 2003 Mazda MPV Van subsequently several weeks later filed a "Paypal Chargeback" to recoup funds that were used to purchase 2003 Mazda MPV Van.

(Am. Compl. ¶¶ 30-33, ECF No. 42.) Even broadly read, the court disagrees with the magistrate judge that Roberts has stated a claim for breach of contract accompanied by a fraudulent act. The description of Tisland's actions in this complaint do not allege nor create an inference of fraudulent intent. Instead, Roberts describes facts which would, at most, support a claim for breach of contract or unjust enrichment, neither of which carry the possibility of punitive damages. Roberts v. Fore, 98 S.E.2d 766, 768 (S.C. 1957); Wingard Props., 715 S.E.2d at 356. Therefore, Roberts' damages are limited to his actual damages, which the complaint alleges is the sale price of the van. (Am. Compl. ¶ 43, ECF No. 42.) Further, the complaint does not allege that Tisland is jointly or severally liable for the damages not directly related to the sale of the Mazda MPV van. Instead, the complaint states that Paypal, eBay, and Visa are responsible for the following damages:

> 34. Paypal, despite Plaintiff[']s statement that van was sold "As Is, Where Is" recovered funds of approximately $2500 from Plaintiff[']s Paypal account on or about September 23, 2014[,] despite Plaintiff making Defendant Paypal aware of the fact that not only was van sold "As Is, Where Is" but that Plaintiff did not have the van, that the purchaser of the van still held the title as well as physical

9

> possession of the van. Plaintiff explained to Paypal representatives on multiple occasions the financial loss he had incurred due to their negligent and irresponsible actions and that he would suffer undue financial harm if funds were recovered from Plaintiff and released to buyer of the van.
>
> 35. As of the date of filing of this suit, Plaintiff still does not have possession of the van, nor the title to the van and has suffered great financial as well as emotional damage due to Defendant Ebay[']s [a]ctions. Plaintiff has attempted on multiple occasions to recover funds from Paypal without success. Plaintiff was told by a representative of Paypal that this was a "chargeback" initiated by Defendant Visa Inc., and that Visa Inc. recovered the funds from Defendant Paypal Inc, which initiated Paypal to recover funds from Plaintiff. Plaintiff has suffered irreparable harm due to the actions of Visa Inc.

(Id. at ¶¶ 34-35, ECF No. 42.) Although Roberts requests $100,000 for damages against Tisland, Roberts has alleged no facts, beyond his breach of contract and unjust enrichment claims, which could support such damages. Therefore, the court finds that there is a legal impossibility for Roberts to recover at least $75,000.00 from Tisland. As a result, the court does not have original diversity jurisdiction over Roberts' claims against Tisland, pursuant to 28 U.S.C. § 1332.

For similar reasons, the court cannot exercise supplemental jurisdiction. Where the court has original jurisdiction over other claims alleged in the complaint, 28 U.S.C. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute . . . the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, section 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil

> Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

While section 1367(a) provides a "broad jurisdictional grant," it is significantly limited for diversity cases by subsection (b). Exxon Mobile Corp v. Allapattah Servs., Inc., 545 U.S. 546, 559-60 (2005). Specifically, "[section] 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20." Id. In the instant case, Roberts has permissively joined claims against the Defendants, pursuant to Rule 20 of the Federal Rules of Civil Procedure. Because Roberts' other causes of action rest solely on § 1332 grounds, the court cannot exercise supplemental jurisdiction over Roberts' claims against Tisland. As a result, the court declines to adopt the magistrate judge's recommendation as to Tisland and grants Tisland's motion to dismiss.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the portions of Magistrate Judge Baker's Report and Recommendation to the extent it is consistent with this order.

Therefore, it is

**ORDERED** that Tisland's motion to dismiss, docket number 63, is granted.  It is further

**ORDERED** that Visa's motion to dismiss, docket number 80, is granted.  It is further

**ORDERED** that PayPal's motion to dismiss, docket number 100, is granted.  It is further

**ORDERED** that the Department's motion to dismiss, docket number 123, is granted.

**IT IS SO ORDERED**.

              s/Henry M. Herlong, Jr.
              Senior United States District Judge

Greenville, South Carolina
February 8, 2017